UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220<br><br>*Defendant.* | Case No. 20-cv-1788 |

# COMPLAINT

1.  Plaintiff American Oversight brings this action against the U.S. Department of the Treasury under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.  Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.  Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant the U.S. Department of the Treasury (Treasury) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7. On April 20, 2020, American Oversight submitted FOIA requests to Treasury seeking records relating to the coronavirus stimulus package.

### *Calendars FOIA*

8. On April 20, 2020, American Oversight submitted a FOIA request to Treasury seeking the following records:

> All calendars or calendar entries for specified Treasury officials, including any calendars maintained on their behalf, reflecting events that took place from January 1, 2020, through March 31, 2020.

      a. Secretary Mnuchin
      b. Anyone serving in the role of Chief of Staff or Deputy Chief of Staff
      c. Counselor to the Secretary Dan Kowalski
      d. Deputy Secretary Justin Muzinich
      e. Assistant Secretary for Tax Policy David Kautter
      f. Assistant Secretary for Legislative Affairs Brian McGuire

    For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars—we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how these individuals allocate their time on agency business.

    The search should include any calendars associated with officials' individual email accounts if they were used to track agency business, as well as any official calendars maintained for them, including by their administrative assistants or schedulers.

(Footnote omitted).

    9.    With respect to the calendars of anyone serving in the role of Chief of Staff or Deputy Chief of Staff, American Oversight cited public reporting "suggest[ing] that the Chief of Staff role remains vacant and the duties are filled by two deputies, Zac McEntee and John Baylor," and requested records from anyone serving as Chiefs or Deputy Chiefs of Staff.

    10.    By letter dated April 23, 2020, Treasury acknowledged American Oversight's FOIA request and assigned it the tracking number 2020-04-108. Treasury stated that, due to unusual circumstances, the agency would require an additional processing extension of ten business days to process the request.

    11.    As of the date of this Complaint, American Oversight has received no further communications from Treasury regarding the Calendars FOIA request.

*Sent External Communications FOIA*

12. On April 20, 2020, American Oversight submitted a FOIA request to Treasury seeking the following records:

> All email communications (including email messages, email attachments, and calendar invitations) <u>sent</u> by the agency officials specified below to any email address ending in .com, .net. org, .edu, .mail, or .us (including complete email chains).
>
> a. Secretary Mnuchin
> b. Anyone serving in the role of Chief of Staff or Deputy Chief of Staff
> c. Counselor to the Secretary Dan Kowalski
> d. Deputy Secretary Justin Muzinich
> e. Assistant Secretary for Tax Policy David Kautter
> f. Assistant Secretary for Legislative Affairs Brian McGuire
>
> In an effort to accommodate Treasury and reduce the number of responsive records to be processed and produced, American Oversight has limited its request to emails <u>sent</u> by specified officials. To be clear, American Oversight still requests that complete email chains be produced, displaying both the responsive sent messages and the prior received messages in each email chain. This means, for example, that both the official's response to an email from a .com domain and the initial received message are responsive to this request.

(Footnote omitted).

13. American Oversight requested that Treasury provide all responsive records from February 20, 2020, through March 31, 2020.

14. With respect to the emails of anyone serving in the role of Chief of Staff or Deputy Chief of Staff, American Oversight cited public reporting "suggest[ing] that the Chief of Staff role remains vacant and the duties are filled by two deputies, Zac McEntee and John Baylor," and requested records from anyone serving as Chiefs or Deputy Chiefs of Staff.

15. By letter dated April 23, 2020, Treasury acknowledged American Oversight's FOIA request and assigned it the tracking number 2020-04-111.

16. As of the date of this Complaint, American Oversight has received no further communications from Treasury regarding the Sent External Communications FOIA request.

*Kushner Communications FOIA*

17. On April 20, 2020, American Oversight submitted a FOIA request to Treasury seeking the following records:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (1) agency officials specified below and (2) Jared Kushner or Ivanka Trump, including both private and official email accounts (including but not limited to jck@who.eop.gov, imt@who.eop.gov, or any emails ending in ijkfamily.com, kushner.com, kushnercompanies.com, trumporg.com, ivankatrump.com, or trump.com), and any assistants communicating on Mr. Kushner's or Ms. Trump's behalf (including but not limited to Cassidy Dumbauld at cassidy.m.dumbauld@who.eop.gov, Julie Radford at julie.t.radford@who.eop.gov, or any other private email accounts).
> 
>   a. Secretary Mnuchin
>   b. Anyone serving in the role of Chief of Staff or Deputy Chief of Staff
>   c. Counselor to the Secretary Dan Kowalski
>   d. Deputy Secretary Justin Muzinich
>   e. Assistant Secretary for Tax Policy David Kautter
>   f. Assistant Secretary for Legislative Affairs Brian McGuire

(Footnotes omitted).

18. American Oversight requested that Treasury provide all responsive records from February 20, 2020, through the date the search is conducted.

19. With respect to the portion of the request seeking communications with Jared Kushner, American Oversight explained that "press reports indicate that Jared Kushner . . . has in

the past communicated with officials using personal email or messaging devices," and "[t]herefore, a search for responsive records should both personal and official accounts associated with Mr. Kushner."

20. With respect to the communications of anyone serving in the role of Chief of Staff or Deputy Chief of Staff, American Oversight cited public reporting "suggest[ing] that the Chief of Staff role remains vacant and the duties are filled by two deputies, Zac McEntee and John Baylor," and requested records from anyone serving as Chiefs or Deputy Chiefs of Staff.

21. As of the date of this Complaint, American Oversight has received no communications from Treasury regarding the Kushner Communications FOIA request.

### *Stimulus Issues FOIA*

22. On April 20, 2020, American Oversight submitted a FOIA request to Treasury seeking the following records:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) of specified Treasury officials regarding any of the following issues or provisions of coronavirus stimulus legislation:
>
> o President Trump's businesses, including whether or not they could qualify for federal assistance—including but not limited to communications regarding the final provision prohibiting businesses controlled by the president, vice president, members of Congress, heads of executive departments and family members from receiving Treasury loans or investments as part of the package;
> o Any changes to Section 11012 of Public Law 115-97, including whether to amend Section 461(1)(2) or 461(1)(3) to change the determination of net operating loss carryovers or treatment of capital gains and losses, or any other communications regarding sections 2303 or 2304 of the CARES Act;

- Oversight mechanisms, including Section 4018 of Division A, establishing a Special Inspector General for Pandemic Recovery (SIGPR), and Section 15010(c)(3)(B), requiring the Chairperson of the Council of the Inspectors General on Integrity and Efficiency to consult with Congress regarding the selection of leadership for the Pandemic Response Accountability Committee.

Specified officials:

a. Secretary Mnuchin
b. Anyone serving in the role of Chief of Staff or Deputy Chief of Staff
c. Anyone serving as Executive or Deputy Executive Secretary
d. Counselor to the Secretary Dan Kowalski
e. Deputy Secretary Justin Muzinich
f. Assistant Secretary for Tax Policy David Kautter
g. Assistant Secretary for Legislative Affairs Brian McGuire

American Oversight has endeavored to provide as much information as possible with public reporting to identify the provisions about which we are requesting records. However, in light of the numerous ways officials may have discussed these issues and the difficulty of using search terms to identify responsive records, American Oversight believes that custodial inquiries may be necessary to supplement an electronic search for records.

Please note that American Oversight does not seek, and that this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications forwarding such emails are responsive to this request. In other words, for example, if Secretary Mnuchin received a mass-distribution news clip email referencing a specified provision of the stimulus package, that initial email would not be responsive to this request. However, if Secretary Mnuchin forwarded that email to another individual with his own commentary, that subsequent message would be responsive to this request and should be produced.

(Footnote omitted).

23. American Oversight requested that Treasury provide all responsive records from February 20, 2020, through March 31, 2020.

7

24. With respect to the communications of anyone serving in the role of Chief of Staff or Deputy Chief of Staff, American Oversight cited public reporting "suggest[ing] that the Chief of Staff role remains vacant and the duties are filled by two deputies, Zac McEntee and John Baylor," and requested records from anyone serving as Chiefs or Deputy Chiefs of Staff.

25. By letter dated April 23, 2020, Treasury acknowledged American Oversight's FOIA request and assigned it the tracking number 2020-04-112.

26. As of the date of this Complaint, American Oversight has received no further communications from Treasury regarding the Stimulus Issues FOIA request.

*Exhaustion of Administrative Remedies*

27. As of the date of this Complaint, Defendant has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

28. Through Defendant's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

29. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

30. American Oversight properly requested records within the possession, custody, and control of Defendant.

31. Defendant is subject to FOIA, and the agency must therefore make reasonable efforts to search for requested records.

32. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

33. Defendant's failure to conduct an adequate search for responsive records violates FOIA and the agency's regulations.

34. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

35. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

36. American Oversight properly requested records within the possession, custody, and control of Defendant.

37. Defendant is subject to FOIA, and the agency must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

38. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

39. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

9

40. Defendant's failure to provide all non-exempt responsive records violates FOIA and the agency's regulations.

41. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

(4) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 1, 2020                                           Respectfully submitted,

                                                                            */s/ Emma Lewis*
                                                                            Emma Lewis

        DC Bar No. 144574
        AMERICAN OVERSIGHT
        1030 15th Street NW, B255
        Washington, DC 20005
        (202) 919-6303
        emma.lewis@americanoversight.org

*Counsel for Plaintiff*